## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE  DIVISION

| | | |
|---|---|---|
| HECTOR OVALLE | : | DOCKET NO. 2:07-cv-1905 Section P |
| VS. | : | JUDGE DOHERTY |
| SECRETARY MICHAEL CHERTOFF, ET AL. | : | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed on behalf of petitioner, Hector Ovalle, pursuant to 28 U.S.C. § 2241.  This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner alleges that he entered the United States in 1991 without inspection, and that he has never been convicted of any crimes in the United States.  However, on March 31, 1994, he was ordered deported to Guatemala, *in absentia*, by an Immigration Court in Los Angeles, California.  He alleges that he was never provided notice of the deportation/removal proceeding and hence, that his deportation/removal order was entered in violation of his right to due process.

Petitioner further alleges that he filed an application for asylum while residing in California, pursuant to which he was issued an employment authorization on June 10, 1994, his last such authorization expiring November 7, 2007.  In California, petitioner's

application was assigned alien number 70-639-896.  After filing for asylum, petitioner moved to New Jersey.   Petitioner alleges that his asylum application was assigned a different alien number when considered in New Jersey, alien number 72-418-976. Petitioner alleges that immigration authorities had notice of his change of address because he included his New Jersey address on his employment authorization applications, and went to the New Jersey Office in person, yet he was never informed that he was in removal proceedings, that a hearing had been set at which he was not present or that an *in absentia* order had been issued against him.

Petitioner states that he was not granted an interview on his asylum application until July 3, 2007.  When he appeared for the interview, petitioner was arrested by immigration officials and subsequently detained.  Petitioner alleges that his arrest was his first notice that deportation/removal proceedings had been instituted against him.

Petitioner married a United States citizen in 2002. A marriage based petition was approved on November 26, 2003.  Hence, petitioner alleges that he is now eligible to adjust his status to that of a permanent resident.

After his arrest by immigration authorities, on or about August 3, 2007, petitioner retained counsel who submitted a Motion to Reopen petitioner's deportation proceedings on grounds that petitioner's deportation order had been entered without proper notice in violation of his due process rights and change of circumstance as a result of his marriage

to a United States citizen.[1]  By notice dated August 24, 2007, the Motion was returned to petitioner's counsel because it did not contain a proper certificate of service.  By letter dated October 25, 2007, petitioner's counsel resubmitted the Motion to the Los Angeles Immigration Court for filing.  Petitioner contends that pursuant to 8 C.F.R. § 1003.24(ii), his filing of the Motion to Reopen automatically stayed execution of his *in absentia* removal order.

On October 23, 2007, petitioner was transferred to Oakdale, Louisiana. He was deported to Guatemala on October 27, 2007.

By Order dated November 7, 2007, the  Immigration Court in Los Angeles, California granted petitioner's Motion to Reopen his deportation proceedings. Accordingly, a hearing before the immigration judge is scheduled for February 27, 2008.

On November 14, 2007, petitioner filed a petition seeking federal *habeas corpus* relief  in this court.[2]  In this *habeas* petition, petitioner claims that  his *in absentia* removal order is invalid because the Immigration Court in California ordered petitioner to be

---

[1]Petitioner also filed a petition for federal *habeas corpus* relief in the United States District Court for the District of New Jersey.  *See Ovalle v. Department of Homeland Security*, 2:07-cv-3498 (D.N.J. 2007).  Review of that action reveals that the petition was dismissed without prejudice on August 15, 2007 for failure to comply with the Court's Order to provide documentation in support of petitioner's claim.  Review of petitioner's submissions in that court reveals that petitioner's counsel originally filed petitioner's Motion to Reopen using alien number 72-418976.  However, by correspondence dated July 30, 2007, the Motion was returned because the court had no record of that alien number.  Petitioner's counsel attempted to re-file petitioner's Motion to Reopen on August 3, 2007 using alien number 70-639-896.  However, as noted above, that Motion was again returned for failure to include a certificate of service.

[2]Initial review of the petition was delayed because petitioner's counsel was not admitted to practice before this court and his Motions for *pro hac vice* status did not comply with the rules of this court. [*see* rec. docs. 2, 3, 6, 8 and 10].  These deficiencies were corrected when petitioner retained local co-counsel and petitioner's original counsel was granted *pro hac vice* status by Order dated January 29, 2008. [*see* rec. doc. 12 and 13].

3

deported without providing petitioner with proper notice in violation of his right to due process.  He further contends that his subsequent removal pursuant to the invalid *in absentia* removal order was improper because of his pending Motion to Reopen.  Thus, petitioner contends that his removal Order and resulting removal pursuant to that Order are unconstitutional.

On November 27, 2007, petitioner filed a "Manifestation and Motion" wherein petitioner requests that his *habeas corpus* petition be granted and that this court order the respondents to permit petitioner to re-enter the United States, at the government's expense, so that he may appear before the immigration court in California.[3]

### LAW AND ANALYSIS

**Jurisdiction**

As a threshold matter, this court must consider its jurisdiction to review petitioner's challenge to his removal order.

On May 11, 2005, President Bush signed into law the "REAL ID Act of 2005.  *See* Pub.L.No.109-13, Div. B, 119 Stat. 231.[4]   Section 106 of this Act specifically addresses judicial review of removal orders.  Section 106(a) of the REAL ID Act of 2005 amends

---

[3]Like his original petition, this Motion was not referred for review until the deficiencies noted above in footnote 2 were corrected after petitioner retained local co-counsel and petitioner's original counsel was granted *pro hac vice* status by Order dated January 29, 2008. [*see* rec. docs. 4, 10, 12 and 14].

[4]The "Real ID Act of 2005" is Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005" (Public Law 109-13).

4

INA § 242(a)[5] to clarify that a petition filed in the appropriate court of appeals in

accordance with § 242 is the sole and exclusive means for obtaining judicial review of an

order of removal and that a petition for writ of *habeas corpus* is not an appropriate

vehicle for challenging a removal order.  These jurisdictional amendments became

effective upon enactment of this Act and are retroactively applicable regardless of the

date of the final administrative order. *See* § 106(b)[6]; *Rodriguez-Castro v. Gonzales*, 427

F.3d 316, 319 (5th Cir. 2005) citing § 106(b); *Balogun v. Attorney General*, 425 F.3d

1356, 1360 (11th Cir. 2005).   Thus, the Fifth Circuit has repeatedly held the REAL ID Act

has divested federal district courts of jurisdiction over § 2241 petitions attacking removal

orders. *See Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir.2006) (REAL ID

Act explicitly forecloses *habeas* review of removal orders); *Ramirez-Molina v. Ziglar*,

436 F.3d 508, 511-512 (5th Cir.2006)*; Rosales v. Bureau of Immigration & Customs

Enforcement*, 426 F.3d 733, 736 (5th Cir.2005), *cert. denied*, 126 S.Ct. 1055 (2006) (after

REAL ID Act, appellate court is now exclusive forum for challenge to removal order);

---

[5]Section 106(a)(1)(A)(iii) of the Real ID Act adds the following language to INA § 242(a):
(5)  EXCLUSIVE MEANS OF REVIEW.-- Notwithstanding any other provision of law (statutory or nonstatutory),
including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and
1651 of such title, a petition filed in the appropriate court of appeals in accordance with this section shall be the sole
and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act,
except as provided in subsection (e).  For purposes of this Act, in every provision that limits or eliminates judicial
review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus
review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361
and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).    codified at 8
U.S.C. § 1252(a)(5).

[6]Section 106(b) of the Real ID Act states as follows:
(b)  EFFECTIVE DATE--The amendments made by subsection (a) shall take effect upon the date of enactment of
this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was
issued before, on, or after the date of enactment of this division.

*Ariwodo v. Gonzales*, 245 Fed.Appx. 403, 406 (5ᵗʰ Cir. 2007) *citing Andrade v. Gonzales*, 459 F.3d 538, 542 (5th Cir.2006), *cert. denied,* --- U.S. ----, 127 S.Ct. 973, 166 L.Ed.2d 739 (2007) (the Real ID Act "'divest[ed] the district courts of jurisdiction over the habeas petitions of aliens' challenging their orders of removal.").

In light of this legislation, and binding Fifth Circuit jurisprudence, the undersigned finds that this court lacks jurisdiction to consider petitioner's *habeas corpus* petition which challenges his removal order.[7]

Likewise, to the extent that petitioner is challenging the execution of the removal order issued against him, this court lacks jurisdiction to grant petitioner such relief.   INA § 242(g) deprives this court of jurisdiction to consider any claim which arises out of the Attorney General's decision to commence, adjudicate, or execute a removal order.  *Li v. Agagan*, 2006 WL 637903, *3-4 (5ᵗʰ Cir. 2006) ("Appellant essentially seeks review of the decision to execute a removal order against him, a request which § 1252(g) precludes the court from exercising jurisdiction.").

Although petitioner asserts that *habeas* jurisdiction remains available to him because he has no other available judicial forum to assert his claims because his Motion

---

[7]Further, because this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case.  *See Chen v. Gonzales*, 435 F.3d 788, 790 (7ᵗʰ Cir. 2006).

Section 106(c)  of the Real ID Act states as follows:
(c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

to Reopen would be deemed abandoned or withdrawn upon his deportation, that is clearly not the case. Since the filing of this petition, the Immigration Court has granted petitioner's request to reopen his deportation proceedings and accordingly, will consider petitioner's claims at the hearing which has been scheduled in his case. Petitioner will then be able to appeal any adverse decision to the BIA and thereafter seek judicial review of that decision in the United States Court of Appeal for the Ninth Circuit, a fact which petitioner's acknowledges in his pleadings. [*See* rec. doc. 1, pg. 10-11]. Thus, judicial review remains available to petitioner.

Moreover, the rule on which petitioner relies, announced in *Immigration & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), has been superceded by the REAL ID Act. *See Balogun*, 425 F.3d at 1359-1360; *Medellin Reyes v. Gonzales*, 435 F.3d 721, 723 (7th Cir. 2006) (noting that unlike the portion of *St. Cyr* concerning the use of § 2241 to obtain review by district courts, *St. Cyr's* holding regarding the availability of § 212(c) relief to aliens whose convictions rest on pre-enactment guilty pleas has not been affected by intervening legislation.).

Petitioner also requests that this court order the respondents to permit petitioner to re-enter the United States, at the government's expense "on the ground that he was prematurely and summarily deported by the Respondents in this case." He cites no authority for this proposition, nor has the undersigned found any such authority.[8]

---

[8]Petitioner summarily concludes that "the government will be required to return petitioner to the United States" in the event that the Immigration Court reaches the merits of his Motion to Reopen and that "there is no reason to doubt that petitioner should be ordered to return ...." [*see* rec. doc. 1, pg. 11; rec. doc. 4, par 5].

Petitioner attempts to characterize the instant request as a separate motion for mandamus or mandatory injunctive relief, not dependant on review of petitioner's deportation order.  However, regardless of how petitioner describes his claim, it is clear that petitioner's request cannot be separated from petitioner's request for review of his deportation order.  To the contrary, plaintiff's request cannot be granted without an inquiry into the validity of the deportation order and propriety of the government's actions in executing that order.  Indeed, the sole ground for exercise of this court's jurisdiction asserted by petitioner is the purported illegality of the entry and execution of petitioner's deportation order.  In light of the above, this court lacks jurisdiction to consider petitioner's request regardless of the provision of law under which the request is asserted. *See*  8 U.S.C. § 1252(a)(5); 8 U.S.C. § 1252(g).

Furthermore, this court's research reveals that the process for a deported alien to obtain re-entry prior to completion of the requisite statutory time period for admission is delineated in the Code of Federal Regulations, and that the decision on such requests is committed to the sound exercise of the Attorney General's discretion.

An alien who attempted or succeeded in illegally entering the United States is deemed inadmissible.  Such an alien  removed from the United States is prohibited from re-entering the country for a period of at least five years unless he receives permission to return from the Attorney General.[9]   *See* INA § 212(a)(9)(A)(ii) and (iii); 8 U.S.C. 1182(a)(9)(A)(ii) and (iii); 8 C.F.R. 212.2.  An alien who would like not to have to wait the full period must comply with the procedures set forth in the Code of Regulations.

---

[9]Pursuant to the HSA, the Attorney General's authority to grant a request for permission to reapply for admission is now vested in the DHS. *See In re Torres-Garcia*, 23 I & N Dec. 866, 2006 WL 205417 (BIA 2006).

8

Those procedures require the alien to seek permission from the Attorney General to reapply for admission early by filling out a Form I-212 (Application for Permission to Reapply for Admission into the United States after Deportation or Removal) and submitting it to an American consular officer or district director.[10]  8 C.F.R. 212.2.  If the I-212 is approved, the alien's inadmissibility is waived, and he is no longer barred from applying for entry to the United States. The legal effect of such a waiver is identical to the alien having waited out the full statutory time period in the alien's home country.  The alien may then request a visa from the State Department, but he may not legally enter the United States until the visa request is granted.  Approval of an alien's I-212 makes him admissible; it does not make him admitted.  *See Berrum-Garcia v. Comfort,* 390 F.3d 1158, 1165 (10th Cir. 2004).

Whether a Form I-212 waiver is granted is committed to the discretion of the Attorney General.  *See Dragon v. INS,* 748 F.2d 1304, 1306 (9th Cir. 1984) ( noting that an alien who seeks to reapply for admission has the burden of establishing that he or she merits a favorable exercise of discretion); *Lopez-Flores v. Department of Homeland Security*, 387 F.3d 773, 777 (8th Cir. 2004) (noting that an applicant is not automatically entitled to a waiver under § 212.2, but that the regulation provides "the  possibility of receiving such discretionary relief");  *Zhicay v. Secretary Department of Homeland Security,* 2005 WL 3180188, *4 (D.Conn. 2005) citing *Perez-Gonzalez v. Ashcroft*, 379 F.3d 783, 788 (9th Cir. 2004), *abrogated on other grounds*, *Gonzalez v. Department of*

---

[10]Aliens seeking adjustment of status must file an I-212 at the time the time the application for adjustment of status is filed and the approval of the I-212shall be deemed retroactive to the date on which the alien embarked or re-embarked at a place outside the United States.  8 C.F.R. 212.2 (e) and (i) (2).

*Homeland Security*, 508 F.3d 1227 (9ᵗʰ Cir. 2007) ("Ordinarily, we lack jurisdiction to review the INS's discretionary determination of whether to grant a Form I-212 waiver to an applicant for adjustment of status under INA § 245"); *Dashto v. I.N.S.*, 59 F.3d 697, 703 (7th Cir.1995)("Both the waiver [pursuant to § 212] and the adjustment of status are matters committed to the Board's discretion"); *Soto-Sosa v. Attorney General*, 154 Fed.Appx. 141, 146 (11ᵗʰ Cir. 2005) (repeatedly noting that the waiver to reapply for entry is discretionary).

*Habeas* review does not extend to review of discretionary matters like the one at issue herein.  *See Li v. Agagan,* 2006 WL 637903, *4 (5ᵗʰ Cir. 2006);  *Landry v. Chertoff*, 2007 WL 2007996, *1 (E.D.La. 2007) citing 8 U.S.C. § 1252(a)(2)(B)(i) and (ii). Moreover, because the discretionary waiver at issue herein may allow petitioner to escape his apparent statutory ineligibility for admission and because an agency should have the first opportunity to interpret and apply its own regulations, especially those involving such a degree of discretion, it is appropriate for this court to allow petitioner's claims to be resolved in his reopened deportation proceeding.  *See Lopez-Flores*, 387 F.3d at 777.

In sum, this court has found that it lacks *habeas corpus* jurisdiction to adjudicate petitioner's claims which are directed at petitioner's deportation order and subsequent deportation.  Moreover, because there is a procedure whereby petitioner may gain the relief which he is requesting, mandamus jurisdiction, which requires that the party has no other remedy, is foreclosed.  *Landry*, 2007 WL 2007996, at *2 citing *Jones v. Alexander*, 609 F.2d 778, 781 (5ᵗʰ Cir. 1980). Furthermore, because the relief at issue is discretionary, exercise of this court's mandamus jurisdiction is not appropriate because the respondents

do not owe petitioner a clear non-discretionary duty.  *Li*, 2006 WL 637903 at \*4 citing *Dunn-McCambell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1288 (5th Cir.1997) (holding that in order for mandamus to issue, the party seeking the writ had to demonstrate a "legal duty that is a specific, ministerial act, devoid of the exercise of judgment or discretion.").

For the reasons set forth above;

**IT IS RECOMMENDED** that this *habeas corpus* petition be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED**

**BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, February 1, 2008.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

12